In the Matter of Francis J. KEELEY, Jr., Bankrupt.

BENEFICIAL FINANCE CO. OF NEW YORK, INC., Plaintiff,

v.

Francis J. KEELEY, Jr., Defendant.

Bankruptcy No. B–79–698 AP 106.

United States Bankruptcy Court, W. D. New York.

March 18, 1980.

Hill & Cook by George V. Cook, Syracuse, N. Y., for plaintiff.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is an action by the plaintiff under § 17 a 2 to make their debt nondischarge-

---

3. Since the plan proposes to pay them in full, it is doubtful that they would raise it.

able because of false financial statements. The defendant defaulted and the Court required the plaintiff to prove their default.

At the hearing, the plaintiff showed that on October 18, 1977 the bankrupt obtained a loan from Beneficial Finance Co. and he borrowed $2,688. For this he pledged a 1968 Olds, household goods, miscellaneous photo equipment, CB radio, snow blower and a beer meister and he valued these items at $3,000, replacement value. Replacement value as described in the Identification of Security document, which was admitted as Exhibit 2, was the amount necessary for purchasing new substitute personal property of like, kind and quality at current market prices. This document was signed by Mr. Keeley on October 18, 1977. On October 26, 1978, the loan was rewritten and Keeley pledged certain household goods, which were different from the household goods pledged October 18, 1977. He gave a UCC filing covering his household goods at that time. He valued these household goods at an actual market value of $2,040. In fact, he did not have the household goods he listed on the second Identification of Security document. All he had was one 19″ color TV. Keeley did not have the stereo, the freezer, the refrigerator, the sewing machine, the washing machine, the air conditioner he had listed. The security on equipment listed on the first Identification of Security was released and Keeley received fresh cash of $13.90.

Beneficial quoting *Danns v. Household Finance Corp.*, (2nd Cir.) 558 F.2d 114, argues that the release of the household goods and equipment which the bankrupt valued on October 18, 1977 at $3,000, replacement value, is sufficient to bring them within the exception of the *Danns* case and make the whole $1,803.10 nondischargeable. In the *Danns* case (supra), at page 116, it is said:

". . . this strongly implies that the creditor should be entitled to bar discharge only of that portion of his loan as was obtained fraudulently . .

. . . Nor does it seem equitable for a bankrupt to be deprived of discharge on all his indebtedness to a particular credi-

tor simply because a small portion of it was procured dishonestly . . ."

"The burden is on the creditor to prove the exception . . ."

In this case, the plaintiff showed that the financial statement, which is the second Identification of Security was indeed false. They showed that as a result of that false statement, relied upon by the plaintiff, the bankrupt received $13.90 and a release of security covering goods, whose replacement value was at least $3,000.

Replacement value according to the Identification of Security document is the cost of purchasing new substitute personal property of like, kind and quality at current market price. There is no indication or proof of the actual value of the items released. For instance, all of the household goods released could, I am sure, be purchased at an auction sale for under $200. The miscellaneous equipment which was released could probably be purchased for less than $200. But this Court has no way of knowing what the actual value of the items released from security are because Beneficial Finance Co., the plaintiff, who is charged with the burden of proving the exception has not shown the actual value of the items. They have only shown what it would cost to go and buy brand new items of a similar type. So, this Court has no way of knowing how much of the $1,803.10 the plaintiff was deprived of. The only thing this Court knows for sure is that the plaintiff was deprived of $13.90. Therefore, because of failure of proof on the part of the plaintiff, a judgment of nondischargeability is granted against the bankrupt, to the extent of $13.90, with interest from October 26, 1978, together with the cost and disbursements of this action, and it is so ordered.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.